UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEPAY HARRIS,

    Plaintiff,

                                                       Civil Case No. 17-13637
v.                                                  Honorable Linda V. Parker

LATASHA MADISON,

    Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

On November 8, 2017, Plaintiff filed this lawsuit against Defendant and an application to proceed in forma pauperis. Plaintiff states in his Complaint that he is seeking to set aside an order of filiation and requests DNA testing to show that he in fact is not the father of Defendant's child. For the reasons that follow, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's Complaint and therefore is summarily dismissing this action and denying Plaintiff's request to proceed in forma pauperis.

At any time, a district court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)). Pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 1315 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only through the state courts and, then, in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311.

Plaintiff is challenging a state court order. His claims are precisely the type the *Rooker-Feldman* doctrine precludes this Court from reviewing. Plaintiff's request for relief, including an appeal of the state court's order, must be pursued through the Michigan state courts.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is sua sponte **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1);

**IT IS FURTHER ORDERED**, that Plaintiff's application to proceed in forma pauperis is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 30, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 30, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager